## *LEVY v. BANK OF THE UNITED STATES. (a)

### Banks.—Consideration.

**Where** a forged check of a customer is received by a bank, as cash, and passed to the credit of a depositor (who is ignorant of the forgery, and who has paid the full value of the check), it is equivalent to an actual payment, and if the depositor, after having been informed of the forgery, on a sudden misconception of his rights, agrees, that if the check is a forgery, it is no deposit; it will not constitute a promise to refund.

THIS was an action brought upon the following circumstances, which appeared in evidence upon the trial of the cause.

The plaintiff, Mr. Levy, kept his cash account with the Bank of the United States. On the 3d of August 1798, between 11 and 12 o'clock in the forenoon, his student presented for payment a check on the bank, dated the 31st of July 1798, purporting to be drawn by Charles Wharton, in favor of Joseph Thomas (to whom Mr. Levy had paid the money), or bearer, for $2600 : and the amount was regularly and promptly entered to Mr. Levy's credit, in his cash-book, in the usual form, as of a deposit of cash. At the examination of the checks, in the afternoon of the same day, the check in question was discovered to be a forgery; the entry was cancelled in the bank-books; and one of the clerks was sent to Mr. Levy, about 4 o'clock, to inform him of it, to return the forged check, and to demand his check in lieu of it. This clerk, at first, told Mr. Levy, that the check was not good, because Mr. Wharton had not the money in bank; to which Mr. Levy replied, " that is nothing to me." The clerk then told him, that the check was forged ; on which Mr. Levy, with great surprise, said, " that he would take until to-morrow, to consider of the propriety of giving his own check in exchange for it." The clerk urged an immediate exchange of checks, declaring, " that although he was not authorized by the cashier to give such notice, he was confident the amount of the forged check would be retained by the bank, in their account with Mr. Levy." The clerk deposed, that Mr. Levy thereupon answered : " On that score, we are perfectly agreed ; if the check is a forgery, it is no deposit ; but I wish some time, to ascertain the fact." On the 4th of August, however, Mr. Levy informed the president of the bank, that he would not refund the money, nor allow the entry to his credit, to be erased from his bank-book. He then drew a check on the bank, for the balance of his account, which was paid, except to the amount of the forged check ; and to recover that amount, the present action was instituted.

It also appeared in evidence, that Thomas's forgeries were suspected by individuals, so early as the 31st of July, but the fact was not generally known until the 3d of August 1798 ; that between 9 and 10 o'clock of the night of the 3d of August, he executed, in Philadelphia, an assignment of his property, in trust for the benefit of his creditors ; and that an hour or two afterwards, he absconded from the city.

The cause, upon these facts, underwent three several arguments : 1st, on the trial before the jury ; 2d, on a motion for a new trial ; and 3d, on a *235] writ of error, in the high court of errors and appeals : but in every stage, the decision was in favor of the plaintiff ; and the points of

(a) s. c. 1 Binn. 27, where the case is more fully reported.

argument, and the authorities cited, were the same, throughout the discussion.

For the *plaintiff*, it was contended : 1st. That the entry in the bank-book was tantamount to a payment in cash of the forged check ; and that it was on the ground of that payment, not of the forgery, the plaintiff claimed.  2d. That the bank, the drawees of the check, had no power to rescind or annul the payment, on account of the subsequent discovery of the forgery. 3d. That the plaintiff's sudden misconception of his legal rights, in his conversation with the clerk of the bank, did not constitute a promise to refund, in law, equity or conscience.  And the following authorities were cited, in the course of the argument : 2 Str. 946 ; 1 H. Bl. 316 ; 1 Salk. 127 ; 4 Vin. Abr. 265, pl. 3 ; 2 Barnard. 82 ; Bull. N. P. 273 ; 3 Burr. 1516 ; 7 T. R. 420 ; 3 Burr. 1355 ; 1 W. Bl. 390 ; 1 T. R. 655 ; Kyd on Exch. 134, 48, 100 ; 3 T. R. 127, 129, 132, 325, 335 ; 4 Ibid. 325, 335 ; 7 Ibid. 604, 612 ; Ambl. 503 ; Doug. 611, 637 ; 3 Woodes. 115 ; 7 T. R. 423, 430 ; 6 Ibid. 139, 143 ; Cowp. 565 : Leach C. L. 189 ; 5 Burr. 2670 ; 1 T. R. 713 ; 2 Bro. Ch. Ca. 150 ; *United States* v. *Bank.*(a)

For the *defendant*, it was contended : 1st. That the entry to the plaintiff's credit, in the bank-book, was made by mistake ; was corrected as soon as it was discovered ; and was not, in its nature, nor in mercantile usage, equivalent to a payment in cash.  2d. That although there were some features of similitude between bills and checks, they were not so strictly analogous (for instance, there is no acceptance of a check, and so it is not taken on the acceptor's credit), that all the principles applicable in the one case, must govern in both cases.  3d. That the acceptor of a bill of exchange is not precluded from showing, that the drawer's handwriting is forged, in an action brought by the payee.  4th. That the plaintiff's conversation with the clerk of the bank amounted to a promise to refund ; or, at least, induced the bank to suspend any inquiry for Thomas.  5th. That the plaintiff is not entitled to recover, because he claims through a felony.  And the following authorities were cited : 1 Burr. 642 ; 6 T. R. 189, 143 ; 1 Ld. Raym. 743 ; 2 Str. 946 ; 1 H. Bl. 316 ; 1 Salk. 127 ; 2 Str. 1051 ; 1 Ibid. 648 ; Kyd 60, 90 ; 1 T. R. 654–5 ; 3 Ibid. 127 ; Cowp. 566 ; 6 T. R. 139 ; 2 P. Wms. 76 ; Ambl. 503 ; *2 Bro. Ch. 150 ; 2 T. R. 420, 424 ; Kyd 202–3 ; 1 T. R. 167 ; 1 Str. 508 ; 2 Ibid. 1175 ; 1 Ld. Raym. 444.  [*236

THE COURT delivered a charge to the jury decidedly in favor of the plaintiff ; the Chief Justice declaring, that he thought any attempt to distinguish between a credit in the bank-book of a customer, and an actual cash payment, as impolitic on the part of the bank, as it was unjust towards the individual, who accepted the credit, instead of his money.

The verdict found for the plaintiff the sum demanded and interest : and

---

(a) *United States* v. *Bank of the United States.*  This cause was tried in the federal circuit court, on the 17th of October 1800, before PATERSON and PETERS, Justices.  In the course of the discussion, *Ingersoll*, for the defendants, admitted and stated, that if a man accepts a forged bill or draft, he is not only conscientiously, but legally bound to pay it.  And each of the judges expressly declared their concurrence in the admission.

(after an ineffectual motion for a new trial, as above stated) a judgment was rendered upon the verdict, which was affirmed upon a writ of error.

*Ingersoll, E. Tilghman, McKean* and *Dallas,* for the plaintiff. *Rawle* and *Lewis,* for the defendants.